UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITY TACTICAL LLC,<br><br>     Plaintiff,<br><br>V.<br><br>SAFE LIFE DEFENSE, L.L.C.,<br><br>     Defendant. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff UNITY Tactical LLC ("Plaintiff" or "UNITY Tactical"), by and through its undersigned attorneys, files this Complaint against defendant Safe Life Defense, L.L.C. ("Defendant" or "Safe Life Defense"), and hereby alleges as follows:

## INTRODUCTION

1. This is an action for trademark infringement, false designation of origin, and related state law claims based upon Defendant's unauthorized use of UNITY Tactical's UNITY® and UNITY TACTICAL® trademarks to market, distribute, and sell tactical and personal protection equipment. Defendant has marketed these infringing products using the same mark "UNITY" in connection with protective ballistic resistant and blast resistant body armor, accessories, and tactical pouches, which are related to the products sold by UNITY Tactical in the same industry, through the same trade channels, to the same customer base. Defendant's use of UNITY already has caused actual confusion and is likely to cause additional confusion as to the source, sponsorship, or affiliation between Plaintiff and Defendant. Plaintiff UNITY Tactical brings this action for trademark infringement, false designation of origin, and related state claims to protect its valuable trademark rights and cease Defendant's use of its confusingly similar mark.

## THE PARTIES

2. Plaintiff, UNITY Tactical LLC, is a Louisiana limited liability company, with its principal place of business located at 1128 Petroleum Pkwy, Broussard, Louisiana.

3. Upon information and belief, Defendant, Safe Life Defense, L.L.C., is a Nevada limited liability company, with its principal place of business located at 1379 Raiders Way, Henderson, Nevada.

## JURISDICTION AND VENUE

4. This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and supplemental state law. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338; and supplemental jurisdiction over UNITY Tactical's state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Safe Life Defense because Safe Life Defense conducts business within the State of Louisiana, including sales of its infringing UNITY products to residents in Louisiana, and because this action arises from Safe Life Defense's infringing activities within the State of Louisiana. Upon information and belief: (a) Safe Life Defense regularly transacts, conducts, and solicits business in the State of Louisiana; (b) Safe Life Defense directed its infringing activity toward the State of Louisiana; (c) Safe Life Defense purposefully availed itself of the benefits of conducting business in the State of Louisiana, including by advertising and selling its products and services in and throughout Louisiana; and (d) Safe Life Defense has otherwise made or established contacts with the State of Louisiana sufficient to permit the exercise of personal jurisdiction over Safe Life Defense.

6.   According to Safe Life Defense's website (https://safelifedefense.com/locations/), Safe Life Defense markets and sells its products through Range Ready, located at 531 South Vaughn Street, Brusly, Louisiana 70719.

7.   Venue is proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Defendant Safe Life Defense has purposefully conducted business activities within the State of Louisiana and this District by directly selling and delivering the accused infringing products to customers located within this District. These commercial activities constitute the very conduct that forms the basis of UNITY Tactical's trademark infringement claims. Additionally, the harm to UNITY Tactical's trademark rights and business reputation has been felt within this District as a result of Safe Life Defense's infringing activities. Accordingly, this District has a substantial connection to the operative facts underlying this trademark infringement action, making venue proper under federal law.

## GENERAL ALLEGATIONS

**UNITY Tactical's UNITY Marks**

8.   UNITY Tactical is a leading manufacturer and marketer of tactical equipment, accessories, and personal protection products serving military personnel, law enforcement agencies, and civilian customers throughout the United States and internationally. UNITY Tactical's comprehensive tactical ensemble includes premium weapon accessories, helmet-mounted equipment, and specialized tactical accessories that are sold and marketed through its digital platforms and nationwide and international dealer network.

9.   Since at least as early as 2012, UNITY Tactical began building its business upon creativity, investment, and hard work in the tactical and individual soldier systems market. This

led to a stable, inventive, and diversified tactical equipment company built upon innovative designs and some of the most well-known brands in the industry, including the UNITY® trademarks. Since its inception, UNITY Tactical has used the UNITY® trademarks, both alone and in combination with other words and/or designs, in connection with its products and services.

10.     Throughout the company's history, UNITY Tactical has continuously used its globally recognized UNITY® trademarks in connection with various tactical equipment, weapon accessories, helmet accessories, and related offerings. For over thirteen years, the UNITY® marks have served as the cornerstone of UNITY Tactical's brand identity and commercial success in the tactical equipment industry.

11.     Through UNITY Tactical's continuous and extensive use of the UNITY® marks for over a decade, combined with substantial investment in product development, marketing, advertising, and brand building, the UNITY® marks have achieved widespread recognition and have become synonymous with high-quality tactical equipment and innovative tactical solutions. Military personnel, law enforcement agencies, and tactical enthusiasts have consistently recognized UNITY Tactical's UNITY products as industry leading for their quality, reliability, and safety.

12.     UNITY Tactical's UNITY equipment is renowned for its innovative features, durability, precision engineering, and integration with various tactical platforms and systems. Due to its exceptional quality, UNITY Tactical's UNITY equipment has garnered exceptional customer reviews and widespread industry recognition. Customers consistently praise UNITY Tactical's UNITY products for their durability, advanced engineering features, and effectiveness in tactical applications. The brand regularly receives high ratings across retail platforms and tactical

equipment review websites, with thousands of verified purchasers providing positive feedback regarding product quality, performance, and customer service.

13. The tactical equipment industry has recognized UNITY Tactical's leadership and innovation through numerous awards and accolades from respected publications and organizations. Industry experts and tactical professionals routinely recommend UNITY equipment, citing the brand's commitment to technological advancement, build quality, and user experience. This recognition has further solidified UNITY as a premium brand in the competitive tactical equipment market.

14. As a result of UNITY Tactical's substantial investment, continuous use, and exceptional quality associated with UNITY products, the UNITY® marks have achieved significant commercial value and become a hallmark of UNITY Tactical's goodwill. The mark serves as a powerful indicator of source and quality that consumers rely upon when making tactical equipment purchasing decisions.

15. In recognition of its exclusive right to use the UNITY® trademark for the goods and services described herein, the United States Patent and Trademark Office has granted to UNITY Tactical U.S. Registration Nos. 4,745,999 and 7,021,518 for the marks UNITY TACTICAL and UNITY, respectively in connection with various tactical equipment and accessories. The UNITY TACTICAL and UNITY registrations are valid, subsisting and, in the case of UNITY TACTICAL, incontestable.

16. U.S. Trademark Registration No. 4,745,999 for UNITY TACTICAL, registered on June 2, 2015, covers "firearm attachments, namely, mounts for attaching ancillary equipment to a firearm" in Class 13, with first use dating to April 1, 2011, and first use in commerce dating to April 1, 2012.

17. U.S. Trademark Registration No. 7,021,518 for UNITY, registered on April 11, 2023, covers in Class 9: "Accessories for protective helmets, namely, mounts for attaching accessories to a protective helmet; Accessories for protective helmets, namely, padding and liners specially adapted for use with a protective helmet" and in Class 13: "Firearm attachments, namely, mounts for attaching accessories to a firearm; Firearm attachments, namely, modular external rail systems for attaching accessories to firearms; Duty belts for carrying firearms and ammunition; Belts adapted for military and law enforcement equipment, namely, tactical gear in the nature of ammunition and pouches and holsters therefor; Gun belts; Belts adapted for ammunition."

18. True and correct copies of the Registration Certificates for the above-listed trademarks are attached hereto as **Exhibits B and C**.

19. In addition to its use of UNITY on the goods set forth in its trademark registrations, UNITY Tactical also has used its UNITY® and UNITY TACTICAL® marks on additional tactical accessory items such as mounted switches that provide remote activation of accessories such as lights and lasers.

20. UNITY Tactical's federally-registered marks and common law rights are hereinafter collectively referred to as the "UNITY® Marks."

**Safe Life Defense's Infringing Activities**

21. Despite UNITY Tactical's well-established and superior rights in the UNITY® Marks, Defendant has recently adopted the identical mark, UNITY, to promote and sell related tactical and personal protection products.

22. Specifically, Defendant has begun using UNITY in connection with tactical protective vests that are marketed as a "kit" or "system" that includes protective body armor and

an assortment of pouches for carrying ammunition, handcuffs, magazines, batons, lights, and other tactical equipment and accessories.

23. Upon information and belief, Defendant offers products for sale under the UNITY brand through its website and dealer network. Defendant promotes UNITY equipment as tactical and personal protection products that are related to and sit within the same competitive market segment as UNITY Tactical's product sold under its UNITY mark.

24. Defendant also markets and sells its UNITY line of tactical and personal protection equipment through the same channels as UNITY Tactical, including online websites, trade shows, social media advertising, and through a nationwide network of third-party dealers. Some of Defendant's dealers are the same dealers that carry UNITY Tactical's products.

25. Examples of Defendant's website advertising is shown below:





26. An example of Defendant's social media advertising is shown below:



27. Defendant's unauthorized use of the UNITY mark for its related goods has caused actual confusion from the outset. For example, at the January, 2025 SHOT show in Las Vegas, a third party visited Defendant's booth and mistakenly believed it was UNITY Tactical's booth due to the use of the UNITY mark. He later visited UNITY Tactical's actual booth, inquired whether Plaintiff was hosting two booths that year, and ultimately realized his mistake only after discussion with Plaintiff's personnel.

28. A depiction of Defendant's use of the infringing UNITY mark at the 2025 SHOT show is below:



29. UNITY Tactical has since become aware of additional instances of actual confusion caused by Defendant's use of the UNITY trademark, which is exacerbated by the fact that UNITY Tactical commonly engages in co-branding arrangements with other companies in the tactical equipment and accessories market that sell related products.

30. The likelihood of confusion between the parties' respective uses of UNITY has been exacerbated by Defendant's adoption of a near identical font when depicted its UNITY mark:

|  **Defendant's Infringing Use** | **UNITY Tactical's Use** |
|---|---|
|  |  |

31.    In addition, Defendant's intent to continue its infringing conduct is evidenced by Defendant's filing of U.S. Trademark Application No. 99013038 for UNITY covering "Protective ballistic resistant and blast resistant body armor; protective ballistic resistant and blast resistant inserts for body armor; body armor accessories, namely, bags specially adapted for storing body armor; body armor; carriers specially adapted for storing body armor; body armor accessories, namely, carrying cases specially adapted for storing body armor."

32.    Defendant's use of the identical UNITY mark for products related to UNITY Tactical's that are marketed and sold through the same marketing channels to the same consumer base creates a substantial likelihood of confusion, and indeed, has caused actual confusion.

33.    Upon information and belief, Defendant was aware of UNITY Tactical's long-standing and well-known use of the UNITY marks in connection with UNITY Tactical's various tactical products. Defendant's adoption of the same UNITY mark for its related products is an attempt to unlawfully trade off the extensive good will that UNITY Tactical has invested and built in its marks over the last fifteen years.

34.    In an effort to resolve this matter amicably, on September 10, 2025, UNITY Tactical sent Defendant a cease-and-desist letter, formally notifying Defendant of UNITY Tactical's intellectual property rights in and to the UNITY® Marks and requesting that Defendant cease and desist its infringing use of the identical UNITY mark and phase out to a new mark. A true and correct copy of this correspondence is attached hereto as **Exhibit D**.

35. Despite discussions between counsel regarding UNITY Tactical's demands, Defendant has refused to agree to comply with the demands or otherwise cease use of its infringing UNITY mark, thereby necessitating the instant lawsuit to protect its valuable trademark rights.

## FIRST CAUSE OF ACTION
### Trademark Infringement under 15 U.S.C. § 1114

36. UNITY Tactical incorporates the preceding paragraphs as though set forth fully herein.

37. UNITY Tactical owns valid federal trademark registrations for the UNITY® Marks for, inter alia, products and accessories for weapons, helmets, belts, pouches, and other tactical accessories.

38. UNITY Tactical's registrations in the UNITY® Marks constitute prima facie evidence of the validity of UNITY Tactical's trademark rights and of UNITY Tactical's exclusive right to use the UNITY® Marks in commerce.

39. Defendant's unauthorized use of the UNITY® Marks in connection with their marketing and sale of similar products for personal protection, firearm accessories and other tactical products is likely to cause confusion or mistake as to the source, affiliation, connection, or association of such products and services with UNITY Tactical, or as to the origin, sponsorship, or approval of them by UNITY Tactical.

40. Defendant's conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

41. By reason of Defendant's acts as alleged above, UNITY Tactical has suffered and will continue to suffer monetary damages and irreparable harm to the value and goodwill of the UNITY® Marks, as well as irreparable harm to UNITY Tactical's business, goodwill, and

reputation. UNITY Tactical has no adequate remedy at law because damage to its goodwill and reputation are continuing and difficult to ascertain.

42. Defendant's continued use of the UNITY® Marks is deliberate, willful, fraudulent, and constitutes a knowing infringement of the UNITY® Marks.

## SECOND CAUSE OF ACTION
### False Designation of Origin under 15 U.S.C. § 1125(a)

43. UNITY Tactical incorporates the preceding paragraphs as though set forth fully herein.

44. Defendant has infringed UNITY Tactical's common law UNITY® Marks in interstate commerce by various acts, including, without limitation, by advertising, marketing, offering for sale, and/or selling personal protection products and tactical equipment under the identical UNITY mark.

45. Defendant's use of the UNITY mark in conjunction with selling personal protection products and tactical equipment is without UNITY Tactical's permission or authority and is likely to cause confusion, mistake and/or deception among the purchasing public and also constitutes initial interest confusion.

46. Defendant's use of the UNITY mark has been made notwithstanding UNITY Tactical's well-known and prior established rights in the UNITY® Marks and with actual notice of UNITY Tactical's common law trademark rights.

47. Defendant's conduct constitutes infringement of the common law UNITY® Marks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48. UNITY Tactical has been damaged as a result of Defendant's infringement of the UNITY® Marks. UNITY Tactical alleges, on information and belief, that Defendant's sale of personal protection products and tactical equipment under the UNITY mark have resulted in lost

sales to UNITY Tactical, have reduced the business and profits of UNITY Tactical, and have injured the general reputation of UNITY Tactical, all to UNITY Tactical's damage in an amount not yet ascertainable, but that will be determined during this action.

49. UNITY Tactical alleges, on information and belief, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but that will be determined during this action.

50. Defendant's infringing activities have caused, and, unless enjoined by this Court, will continue to cause, irreparable harm and other damage to UNITY Tactical's business, reputation and goodwill in its common law UNITY® Marks.

51. Defendant's continued use of the UNITY® Marks is deliberate, willful, fraudulent, and constitutes a knowing infringement of the UNITY® Marks.

## THIRD CAUSE OF ACTION
### Cancellation/Refusal Of Trademark Application Under 15 U.S.C. § 1119

52. UNITY Tactical incorporates the preceding paragraphs as though set forth fully herein.

53. Defendant's unauthorized use of the UNITY® Marks in connection with the marketing and sale of similar products for personal protection, firearm accessories and other tactical products is likely to cause confusion or mistake as to the source, affiliation, connection, or association of such products and services with UNITY Tactical, or as to the origin, sponsorship, or approval of them by UNITY Tactical.

54. Notwithstanding Plaintiff's trademark registrations for UNITY TACTICAL and UNITY as well as its long-standing use of the UNITY mark, Defendant has filed an application with the USPTO to register UNITY in International Class 9 for "Protective ballistic resistant and

blast resistant body armor; protective ballistic resistant and blast resistant inserts for body armor; body armor accessories, namely, bags specially adapted for storing body armor; body armor; carriers specially adapted for storing body armor; body armor accessories, namely, carrying cases specially adapted for storing body armor," U.S. Application Serial No. 99013038.

55. Because Defendant's use and proposed registration of the UNITY mark is likely to cause confusion with Plaintiff's pre-existing registered and common law rights to UNITY, Defendant's trademark application should be refused pursuant to 15 U.S.C. § 1052(d).

56. Pursuant to this Court's jurisdiction over the trademark registry under 15 U.S.C. § 1119, this Court should declare that Defendant has no right to register the UNITY mark and should order the Director of the USPTO to refuse such pending application or cancel any issued registration by Defendant in the UNITY mark.

## FOURTH CAUSE OF ACTION
### Injury To Business Reputation Under LA. R.S. § 51:223.1

57. UNITY Tactical incorporates the preceding paragraphs as though set forth fully herein.

58. This cause of action arises under Louisiana Revised Statutes § 51:223.1.

59. The UNITY® Marks have become distinctive and have come to identify UNITY Tactical and UNITY Tactical's high quality tactical equipment and products, so as to distinguish those products from those of others in the marketplace.

60. Through UNITY Tactical's continuous and extensive use of the UNITY® Marks for over thirteen years, combined with substantial investment in product development, marketing, advertising, and brand building, the UNITY® Marks have achieved widespread recognition among military personnel, law enforcement agencies, and tactical enthusiasts as indicators of superior quality, reliability, and safety in the tactical and personal protection market.

61. Defendant's adoption and use of the identical UNITY mark in connection with protective ballistic resistant and blast resistant body armor, body armor accessories, and tactical pouches has injured, and continues to injure, UNITY Tactical's business reputation and the good will in UNITY Tactical's UNITY® Marks.

62. Defendant's use of the identical UNITY mark creates a likelihood of injury to UNITY Tactical's business reputation by causing consumers to associate Defendant's products with UNITY Tactical's established brand, thereby potentially damaging the goodwill and reputation that UNITY Tactical has built over more than a decade of consistent quality and service.

63. Such conduct by Defendant constitutes a violation of Louisiana Revised Statutes § 51:223.1, and has, and continues to be, without the permission, license, or consent of UNITY Tactical.

64. Defendant has been, and continues to be, unjustly enriched by its unauthorized use of the UNITY mark, and UNITY Tactical is entitled to an accounting of Defendant's profits, UNITY Tactical's damages, and the costs of this action.

65. Defendant's foregoing activities have damaged UNITY Tactical in an amount as yet unknown but subject to proof at trial.

66. UNITY Tactical is entitled to injunctive relief under Louisiana Revised Statutes § 51:223.1 to prevent further injury to its business reputation and dilution of the distinctive quality of the UNITY® Marks.

**FIFTH CAUSE OF ACTION**
**Unfair Trade Practices Under LA. R.S. § 51:1401 et. seq.**

67. UNITY Tactical incorporates the preceding paragraphs as though set forth fully herein.

68. This cause of action arises under Louisiana Revised Statutes § 51:1401 et. seq., (the "Louisiana Unfair Trade Practices Act").

69. UNITY Tactical has developed and extensively promoted its UNITY® Marks through the expenditure of significant time, skill, labor, and financial resources. In connection with the sale of its goods bearing the infringing UNITY mark, Defendant has knowingly engaged in unfair methods of competition and unfair or deceptive acts or practices in violation of the Louisiana Unfair Trade Practices Act, specifically including La. R.S. § 51:1405.

70. By these actions, Defendant has exploited the reputation and goodwill associated with the UNITY® Marks and gained a financial benefit for itself, which has caused harm to UNITY Tactical's brand, goodwill, and reputation.

71. UNITY Tactical has suffered an ascertainable loss of money or movable property, corporeal or incorporeal, as a result of Defendant's unfair or deceptive methods, acts, or practices and is therefore entitled to recover the actual damages suffered by UNITY Tactical, including the harm caused to UNITY Tactical's brand, goodwill, and reputation as a result of Defendant's unfair or deceptive acts or practices.

72. Pursuant to La. R.S. § 51:1409, if Defendant continues to knowingly use the infringing UNITY mark in connection with the sale of its goods, UNITY Tactical will be entitled to treble damages.

73. Unity Tactical is entitled to attorneys' fees and costs as provided pursuant to La. R.S. § 51:1409.

## JURY DEMAND

74. UNITY Tactical hereby demands trial by jury of all issues so triable.

## REQUEST FOR RELIEF

**WHEREFORE**, UNITY Tactical requests that the Court enter Judgment in its favor as follows:

1. Granting temporary, preliminary, and permanent injunctive relief enjoining Defendant and each of their affiliates, subsidiaries, officers, directors, agents, servants, and employees, and all others aiding, abetting, or acting in concert therewith, from:

    a. using the UNITY® Marks, or any other mark confusingly similar thereto, in connection with the promotion of their products for personal protection, firearm accessories and other tactical products;

    b. otherwise competing unfairly or committing any acts likely to confuse the public into believing that Defendant or any of Defendant's products or services are associated, affiliated, or sponsored by UNITY Tactical or are otherwise authorized by UNITY Tactical, in whole or in part, in any way;

2. Ordering the Director of the USPTO pursuant to 15 U.S.C. 1119 to refuse U.S. Trademark Application Serial No. 99013038 and/or cancel any trademark registration that may issue from this application.

3. Ordering that Defendant account for and pay to UNITY Tactical any and all profits Defendant has received by its conduct alleged herein;

4. Awarding to UNITY Tactical any and all damages and losses suffered by UNITY Tactical as a result of Defendant's conduct as set forth herein, and treble such damages as provided by law;

5. Awarding to UNITY Tactical the costs of this action and its reasonable attorneys' fee and expenses;

6. Awarding to UNITY Tactical pre-judgment and post-judgment interest on all damages recovered by or awarded to it; and

7. Granting such other and further relief as the Court deems equitable, just, and appropriate.

Dated this the 15th day of October, 2025.

By: /S/ MARC S. WHITFIELD
Marc S. Whitfield, Bar No. 18534
Amy Groves Lowe, Bar No. 25071
**TAYLOR, PORTER, BROOKS & PHILLIPS**
450 Laurel Street, 8th Floor (70801)
P. O. Box 2471
Baton Rouge, LA 70821-2471
Telephone: (225) 387-3221
Facsimile: (225) 346-8049
Email: marc.whitfield@taylorporter.com
Amy.groves.lowe@taylorporter.com

Timothy P. Getzoff (*pro hac vice* application forthcoming)
J. Randy Roeser (*pro hac vice* application forthcoming)
**HOLLAND & HART LLP**
1800 Broadway, Suite 300
Boulder, CO 80302
(303) 473-2700
tgetzoff@hollandhart.com
jrroeser@hollandhart.com

**ATTORNEYS FOR UNITY TACTICAL LLC**

35759108_v2